UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In re:                                                Case No. 17-48801

TRACEY ATTARD,                           Chapter 7

                 Debtor.                           Judge Thomas J. Tucker
_____/

**OPINION AND ORDER DENYING DEBTOR'S "MOTION TO SET ASIDE DISCHARGE FOR ENTRY OF REAFFIRMATION AGREEMENT"**

On June 13, 2017, the Debtor filed a voluntary petition for relief under Chapter 7, commencing this case. On September 19, 2017, the Court entered an order granting the Debtor a discharge under 11 U.S.C. § 727 (Docket # 24). On October 6, 2017, the Debtor filed a motion to set aside the discharge (Docket # 27, the "Motion"). The Motion says that the Debtor seeks to set aside her discharge "to allow the creditor to file [a] Reaffirmation Agreement [between the Debtor and Michigan Mutual, Inc.] with regard[] to [the] debtor's property located at 22135 Edison Street, Dearborn, MI 48124." (Mot. at ¶¶ 2, 4.) The Motion also says that the Debtor's attorney did not receive the Reaffirmation Agreement signed by the creditor until "[o]ne week before the discharge deadline," and "[t]here was not enough time for Debtor's attorney to have his client sign the Reaffirmation Agreement and return it to the creditor for processing and filing before the discharge was entered." (*See id*. at ¶¶ 2, 3.) The Debtor filed a Certification of Non-Response on October 25, 2017, indicating that no one has filed a timely objection to the Motion.

The Debtor's Motion must be denied, for the following reasons.

Vacating the discharge, as the Motion seeks, would serve no useful purpose. Under 11 U.S.C. § 524(c)(1), a reaffirmation agreement is not enforceable unless it "was made before the granting of the discharge under section 727." The Motion indicates that the Debtor and Michigan Mutual, Inc. did not make the reaffirmation agreement at issue before the Debtor was granted a discharge on September 19, 2017, because the Debtor did not sign the agreement before that time. The Motion therefore fails to demonstrate that there can be an enforceable reaffirmation agreement between these parties in this case.

An order setting aside the discharge, as the Debtor's Motion seeks, would not cure this problem. The historical fact is that the discharge was granted on September 19, 2017, and vacating the discharge would not change that historical fact and its impact under § 524(c)(1). *See In re Herrera*, 380 B.R. 446, 449-55 (Bankr. W.D. Texas 2007) and cases cited therein.

The Court further notes that the deadline to file a reaffirmation agreement is established by Fed. R. Bankr. P. 4008(a) — the deadline is "no later than 60 days after the date first set for the meeting of creditors under § 341(a) of the Code." In this case, that deadline was September

18, 2017. Rule 4008(a) also provides that the Court may extend this deadline. But Fed. R. Bankr. P. 4004(c)(1)(J) contemplates that such a motion to extend can only be granted if the discharge has not yet been granted. *See* Fed. R. Bankr. P. 4004 advisory committee notes to 2008 Amendments ("Rule 4004(c)(1)(J) accommodates . . . an extension [of time for filing a reaffirmation agreement] by providing for a delay in the entry of discharge during the pendency of a motion to extend the time for filing a reaffirmation agreement.").

The Debtor could have filed a motion, at any time on or before September 18, 2017, to extend the deadline for filing a reaffirmation agreement, and to delay the discharge accordingly. But the Debtor did not do so. Because the discharge was granted, on September 19, 2017, it is now too late for such a motion to extend.

For these reasons, the Court must deny the Motion.

Accordingly,

IT IS ORDERED that the Motion (Docket # 27), is denied.

**Signed on October 25, 2017**



/s/ Thomas J. Tucker

**Thomas J. Tucker
United States Bankruptcy Judge**